United States Court of Appeals

For the First Circuit

No. 00-2392

HOME OWNERS SAVINGS BANK, F.S.B.,

Plaintiffs, Appellees,

v.

KEY FINANCIAL SERVICES, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, 
U.S. District Judge
]

Before

 Selya, 
Circuit Judge
,

Stahl, 
Senior Circuit Judge
, 

and Lynch, 
Circuit Judge
.

Daniel R. Warren
, with whom 
Melissa M. Eckhause
, and 
, were on brief, for appellant.

J. Scott Watson
, Attorney, with whom 
Ann S. DuRoss
, Assistant General Counsel, 
Colleen J. Boles
, Senior Counsel, and 
Jaclyn C. Taner
, Counsel, were on brief, for appellees.

February 12, 2002

STAHL, 
Senior Circuit Judge

I.

 Count I of its complaint alleged breach of contract, asserting that Key had materially breached its representation in 

inter alia
Applying New York law,
5:
6:
Home Owners Savings Bank
 v. 
Key Fin. Servs., Inc.
 Having found Key liable,
7: the court gave the parties one week to submit a proposed final judgment to bring the matter to a close. 
Id.
 at 16.

Over the next three years, the district court was faced with numerous discovery disputes and motions in limine regarding the issue of damages. Finally, in 1999, the district court issued an order awarding Home Owners damages and prejudgment interest dating back to April 1990. 
See
supra
 note 4. Finding that there were no outstanding issues of material fact regarding the computation of principal and interest, the district court on September 29, 2000 entered final judgment for Home Owners in the amount $8,509,609.64.
8: The judgment also awarded litigation costs, post-judgment interest and photocopying expenses to Home Owners.

 Key timely appealed.

II.

supra
United States ex rel. Roman
 v. 
Schlesinger
Times Mirror Magazines, Inc.
 v. 
, 103 F. Supp. 2d 711, 731 (S.D.N.Y. 2000) (internal quotations omitted). 

see
Schlesinger
Times Mirror
 materiality test, which was crafted in the context of a case where the nonbreaching party sought rescission from the court rather than seeking relief based on a contractual provision, is inapposite as well.
10: Rather than turning to pure rescission cases or fraudulent inducement cases for guidance, we find this case to be particularly analogous to a case involving the breach of an express warranty. Key warranted that the loans would be Fannie Mae and Freddie Mac compliant, and that the title policies would be on ALTA forms, thereby incorporating the standard protections included thereon. These explicit warranties were breached. Because there can be no dispute about the existence of these express warranties, it appears that, under New York law, Home Owners need not even prove that it had actually relied on the warranties when entering into the transaction. 
See
 
 v. 
McKesson Corp.
see also
SCBS Inc.
 v. 
, 553 N.E.2d 997, 1001 (N.Y. 1990) (affirming the 
CPC

11:
12:
III.

15:
16:
IV.

After almost a decade of litigation, which helped to make the record below not always a model of clarity, we are satisfied that the various rulings and final judgment ultimately entered by the district court were sound. 

Affirmed.
 
Costs to Appellees.